UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: JOSEPH AND DEANNE GIACALONE
_____/

JOSEPH AND DEANNE GIACALONE,

        Appellant,               Bkrptcy No. 05-35632-WSF
                                            HON. DANIEL S. OPPERMAN
vs.                                            Case No. 07-CV-10809
                                            HON. GEORGE CARAM STEEH

CITY OF FLINT,

        Appellee.
_____/

<u>ORDER DISMISSING JULY 3, 2007 SHOW CAUSE ORDER (#2)</u>

On July 3, 2007, <u>pro se</u> appellant Joseph Giacalone was ordered to show cause in writing by July 25, 2007 why his appeal should not be dismissed for lack of prosecution for failing to file with the Bankruptcy Court a timely designation of the items to be included in the record on appeal and a statement of the issues to be presented. This court was assigned the appeal on February 23, 2007, and it appeared from the district court docket (Case No. 07-CV-10809) that nothing had been filed by Giacalone since his notice of appeal.

Giacalone filed a timely response to the Show Cause Order on July 23, 2007. Giacalone attached page 7 of 7 of a docket sheet for the Bankruptcy Court adversary proceeding (Case No. 05-35632, Adversary No. 05-3241) evincing that the Bankruptcy Court granted Giacalone an extension of time to April 23, 2007 to file a designation of items to be included in the record and his statement of the issues to be presented, and that Giacalone filed the designation on May 14, 2007. Giacalone's proffered copy of a "Designation of Issues and Items" lists within it eight "Supporting Items": Judge Opperman's

Opinion; the testimony of Glenda Dunlap; a list of expenditures on a Saginaw Street Building; a Loan Contract; the testimony of the Flint City Treasurer; a City dispersal of funds form, a Circuit Court Judgment; and the Debtor's motion to dismiss and resulting decision. Giacalone does not show whether he provided the Bankruptcy Court the means by which to include these items in the record, either by providing the Bankruptcy Court with copies of the items or paying any copying fees.

The court directs Giacalone's attention to Bankruptcy Rule 8006, which reads in relevant part:

> . . . . Any party filing a designation of the items to be included in the record shall provide to the clerk [of the Bankruptcy Court] a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

Giacalone has shown cause, at this time, why his appeal should not now be dismissed for lack of prosecution. To avoid dismissal in the future, Giacalone is strongly advised to adhere to the requirements of Bankruptcy Rule 8006, and to assist the Clerk of the Bankruptcy Court in assembling and completing the record that will be transmitted to this court on appeal.

Giacalone has shown cause why his appeal should not now be dismissed for lack of prosecution. Accordingly, the court's July 3, 2007 Show Cause Order is hereby DISMISSED.

SO ORDERED.

Dated: August 1, 2007

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 1, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk